ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| SYBIL SANTIAGO GONZÁLEZ<br><br>Parte Recurrida<br><br>v.<br><br>SANTIAGO MORA<br><br>Parte Peticionaria | KLCE202400447 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2020CV01295<br><br>Sala: 102<br><br>Sobre: Accesión |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de abril de 2024.

Compareció ante este Tribunal la parte peticionaria, el Sr. Santiago Mora Mendoza (en adelante, "el señor Mora Mendoza") y la Sra. Alma Mora (en adelante, "Alma Mora") (en adelante y en conjunto, "los Peticionarios"), mediante recurso de *certiorari* presentado el 18 de abril de 2024. Nos solicitaron la revocación de la *Orden* dictada por el Tribunal de Primera Instancia, Sala Superior de Manatí (en adelante, el "TPI"), el 18 de marzo de 2024, notificada y archivada en autos al día siguiente. Mediante el referido dictamen, el TPI declaró –entre otras cosas– "No Ha Lugar" la "**Solicitud de Dictamen de Desestimación a Favor de la Parte Demandada**" interpuesta por los Peticionarios.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, prescindimos de la comparecencia de la parte recurrida al amparo de la Regla 7(B)(5) del Reglamento de este Tribunal,[1] expedimos el auto de *certiorari* ante nuestra consideración y *revocamos* la *Orden* recurrida.

---

[1] 4 LPRA Ap. XXII-B, R. 7(B)(5).

Número Identificador
SEN2024_____

**I.**

El caso de autos tuvo su génesis el 27 de octubre de 2020 con la presentación de una "**Demanda**" por parte de la Sra. Sybil Santiago González (en adelante, la "señora Santiago González") y el Sr. Juan Ramón Ruiz (en adelante, el "señor Ramón Ruiz") (en adelante y en conjunto, los "Recurridos") en contra del señor Mora Mendoza. En su escrito, alegaron que: (1) son dueños de varias propiedades inmuebles ubicadas en el barrio Florida Adentro del Municipio de Barceloneta, (2) el acceso a las propiedades siempre ha sido el camino Chimborazo, (3) existe una servidumbre de paso en el predio del señor Mora Mendoza hacia el referido camino, (4) los Peticionarios limitaron el acceso vehicular instalando una verja en la entrada del camino Chimborazo y que (5) el camino cumple con el requisito de signo aparente ya que está pavimentado. A tenor con lo anterior, solicitaron permiso para ingresar al camino y la eliminación del portón que bloquea el acceso. De igual manera, requirieron el pago de las costas y honorarios de abogado.

Luego de un extenso trámite procesal impertinente al caso que nos ocupa, el 23 de febrero de 2024, el señor Mora Mendoza presentó una "**Solicitud de Dictamen de Desestimación a Favor de la Parte Demandada**" mediante la cual argumentó que se justificaba dictar sentencia sumaria a su favor, ya que sus propiedades no estaban gravadas con una servidumbre de paso a favor de los predios de los Recurridos. En síntesis, sostuvo que: (1) no existen signos aparentes de servidumbre de paso, (2) el camino a Chimborazo no está asfaltado y se encuentra cubierto de exuberante vegetación, (3) existen dos caminos adicionales que permiten acceso al camino público y que (4) el camino Chimborazo es un camino vecinal y no una servidumbre de paso. A la misma anejó la prueba documental que entendía justificaba la disposición sumaria del caso.

Oportunamente, el 18 de marzo de 2024, los Recurridos presentaron una "**Oposición a Desestimación**", a través de la cual reiteraron los argumentos expuestos en la "**Demanda**". Asimismo, señalaron que del asiento de inscripción de cierta finca del señor Mora Mendoza surge que

ésta se encuentra afectada por una servidumbre de paso. Además, arguyeron que los Peticionarios han aceptado la existencia del camino Chimborazo a través de sus alegaciones. Por último, añadieron que no existe otra vía de acceso hacia sus propiedades que no sea el referido camino. Así pues, solicitaron que se les conceda su día en corte para demostrar que las fincas están enclavadas y que sólo existe un camino para llegar a éstas.

Finalmente, el 18 de marzo de 2024, el foro primario declaró "No Ha Lugar" la "**Solicitud de Dictamen de Desestimación a Favor de la Parte Demandada**". Inconforme con lo anteriormente resuelto, los Peticionarios acudieron ante este Tribunal mediante el recurso de epígrafe, en el que señalaron los siguientes errores:

A. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR UNA SENTENCIA SUMARIA A FAVOR DE LA FAMILIA MORA.

B. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL INOBSERVAR LA REGLA 36.4 DE SOLICITUD DE SENTENCIA SUMARIA.

**II.**

El propósito de las Reglas de Procedimiento Civil es proveerles a las partes que acuden a un tribunal una "solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R.1. Así, la Regla 36 del mencionado cuerpo procesal atiende lo referente al mecanismo de sentencia sumaria. A la luz de sus disposiciones, se dictará sentencia si de "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente, y que como cuestión de derecho el tribunal debe dictar la sentencia sumaria a favor de la parte promovente". Regla 36.3 de Procedimiento Civil, 32 LPRA, Ap. V, R. 36.3.

En ese sentido, se considera un hecho material o esencial, "aquel que pueda afectar el resultado de la reclamación de acuerdo al derecho sustantivo aplicable". Oriental Bank v. Caballero García, 212 DPR 671, 679 (2023). Cabe señalar que el juzgador no está limitado a los hechos o

documentos que se produzcan en la solicitud, sino que puede tomar en consideración todos los documentos que obren en el expediente del tribunal. S.L.G. Szendrey-Ramos v. Consejo Titulares, 184 DPR 133, 167 (2011).

Solamente se dictará sentencia sumaria en casos en los cuales el tribunal tenga ante su consideración todos los hechos necesarios y pertinentes para resolver la controversia y surja claramente que la parte promovida por el recurso no prevalecerá. Oriental Bank v. Caballero García, *supra*, pág. 678. Sin embargo, el tribunal no podrá dictar sentencia sumaria cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la Demanda que no han sido refutadas; (3) surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material; o (4) la moción no procede como cuestión de derecho. SLG Szendrey-Ramos v. Consejo de Titulares, *supra*, pág. 168. Para prevalecer, el promovente de este recurso debe presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la inexistencia de una controversia sustancial de hechos materiales sobre la totalidad o parte de la reclamación. Oriental Bank v. Caballero García, *supra*, pág. 678.

Por su parte, la parte promovida por una moción de sentencia sumaria debe demostrar que existe controversia en cuanto a algún hecho material que sea constitutivo de la causa de acción del demandante. Rosado Reyes v. Global Healthcare, 205 DPR 796, 808 (2020); Oriental Bank v. Perapi *et al*., 192 DPR 7, 25-26 (2014). Así, la parte que se opone a que se dicte sentencia sumaria en su contra debe controvertir la prueba presentada y no cruzarse de brazos. ELA v. Cole, 164 DPR 608, 626 (2005). No puede descansar en meras afirmaciones contenidas en sus alegaciones ni tomar una actitud pasiva, sino que está obligada a presentar contradeclaraciones juradas y/o contradocumentos que pongan en controversia los hechos presentados por el promovente. Oriental Bank v. Caballero García, *supra*, pág. 680; Roldán Flores v. M. Cuebas et al., 199 DPR 664, 677 (2018).

Según las directrices pautadas por nuestro más Alto Foro, una vez se presenta la solicitud de sentencia sumaria y su oposición, el tribunal deberá: (1) analizar todos los documentos incluidos en ambas mociones y aquellos que obren en el expediente del tribunal; y (2) determinar si la parte opositora controvirtió algún hecho material o si hay alegaciones en la demanda que no han sido refutadas en forma alguna por los documentos. Abrams Rivera v. ELA, DTOP y otros, 178 DPR 914, 932 (2010).

Al examinar la procedencia de una moción que solicita disponer de un caso sumariamente, el tribunal no tiene que sopesar la evidencia y determinar la veracidad de la materia, sino que su función estriba en determinar la existencia o no de una controversia genuina, la cual amerite ser dilucidada en un juicio plenario. JADM v. Centro Comercial Plaza Carolina, 132 DPR 785, 802-803 (1983). Además de que "[t]oda inferencia razonable que se realice a base de los hechos y documentos presentados, en apoyo y en oposición a la solicitud de que se dicte sentencia sumariamente, debe tomarse desde el punto de vista más favorable al que se opone a ésta". ELA v. Cole, 164 DPR 608, 626 (2005) (énfasis suplido).

En el caso de revisar la determinación del TPI respecto a una sentencia sumaria, este foro apelativo se encuentra en la misma posición que el foro de instancia para evaluar su procedencia. Rivera Matos *et al.* v. Triple-S *et al.*, 204 DPR 1010, 1025 (2020); Meléndez González *et al.* v. M. Cuebas, 193 DPR 100, 118 (2015). La revisión que realice el foro apelativo deberá ser *de novo* y estará limitada a solamente adjudicar los documentos presentados en el foro apelado. Vera v. Bravo, 161 DPR 308, 335 (2004). De modo que las partes que recurren a un foro apelativo no pueden litigar asuntos que no fueron traídos a la atención del foro de instancia. Íd. En adición a esta limitación, se ha aclarado que al foro apelativo le está vedado adjudicar los hechos materiales esenciales en disputa, porque dicha tarea le corresponde al foro de primera instancia. Íd. págs. 334-335.

En Meléndez González *et al.* v. M. Cuebas, *supra*, nuestro más Alto Foro delimitó los pasos del proceso a seguir para la revisión de la sentencia sumaria por parte de este foro revisor, el cual consiste de: (1) examinar *de*

*novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles son incontrovertibles; (4) y, de encontrar que los hechos materiales realmente son incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. Íd., págs. 118-119.

**III.**

En el presente caso, los Peticionarios nos solicitan que revoquemos la *Orden* del TPI a través de la cual se declaró "No Ha Lugar" la "**Solicitud de Dictamen de Desestimación a Favor de la Parte Demandada**.

Comenzaremos por discutir el segundo señalamiento de error, ya que la disposición de éste afecta el resultado del primer señalamiento de error esgrimido. En esencia, los Peticionarios alegan que el foro primario erró al inobservar la Regla 36.4 de Procedimiento Civil, *supra*. Le asiste la razón. Veamos.

Surge del expediente ante nuestra consideración que el 23 de febrero de 2024, los Peticionarios presentaron una "**Solicitud de Dictamen de Desestimación a Favor de la Parte Demandada**". Luego de examinar detenidamente el documento, nos percatamos de que se trata de una moción de sentencia sumaria y no de una moción de desestimación. Esta situación resalta la conocida norma que establece que el "nombre no hace la cosa". OCS v. CODEPOLA, 202 DPR 842, 880 (2019). Esto es, lo esencial de un escrito no radica en su título, sino en su contenido, pues este último determina su naturaleza. Así pues, a pesar de que el documento se haya titulado como una solicitud de desestimación, debe ser considerado y tratado como una moción de sentencia sumaria. Este enfoque asegura una

interpretación efectiva y alineada al contenido y las intenciones del documento objeto de análisis.

Conforme hemos adelantado, si como resultado de una solicitud presentada conforme a las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, no se dicta sentencia sobre la totalidad del pleito, no se otorga el remedio solicitado o se rechaza la petición, y es necesario la celebración de un juicio, el foro de instancia deberá resolver la petición y exponer en su determinación los hechos esenciales y pertinentes sobre los cuales no exista controversia sustancial, **así como desglosar los hechos materiales y esenciales que estén realmente en controversia**. 32 LPRA, Ap. V, R. 36.4.

Del expediente ante nuestra consideración se desprende que el TPI declaró "No Ha Lugar" la "**Solicitud de Dictamen de Desestimación a Favor de la Parte Demandada**" sin efectuar una determinación específica sobre los hechos materiales y esenciales sobre los cuales no existía controversia. **Además, tampoco identificó qué hechos esenciales y pertinentes estaban en disputa que movió a dicho foro a denegar la moción de disposición sumaria**. De igual forma, tampoco se especificó los fundamentos de derecho a base de los cuales se denegó dicha moción. El deber del foro primario era especificar claramente qué hechos consideraba que estaban en controversia y cuáles no. En otras palabras, incumplió con las disposiciones de la Regla 36.4 de Procedimiento Civil, *supra,* al omitir esta información.

Como resultado de ello, incurrió en el error señalado y nos obliga a revocar la determinación y devolver el caso ante el TPI para que cumpla con las disposiciones de la Regla 36.4 de Procedimiento Civil, *supra*. Lo anterior, no sólo es consistente con el estado de derecho vigente, sino que garantiza la disposición adecuada de los asuntos que se le plantean y, en caso de que alguna parte no esté de acuerdo con el proceder del foro primario y decida recurrir ante este Tribunal, se pueda efectuar un trámite apelativo adecuado, de conformidad con las pautas normativas establecidas por el Tribunal Supremo de Puerto Rico.

En vista de la anterior conclusión, se hace innecesario adjudicar el primer señalamiento de error.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, expedimos el auto de *certiorari* presentado, *revocamos* la *Orden* recurrida y dejamos sin efecto el señalamiento de juicio en su fondo pautado para el 14 de mayo de 2024. Se devuelve el caso al foro primario para que cumpla con las disposiciones de la Regla 36.4 de Procedimiento Civil, *supra*. Específicamente, el TPI deberá analizar la procedencia de la solicitud de sentencia sumaria presentada por el señor Mora Mendoza y en su determinación, desglosará los hechos esenciales y pertinentes sobre los que no existe controversia. De igual manera, de entender que no procede la disposición del caso por la vía sumaria, también especificará aquellos hechos materiales y pertinentes que entiende que están verdaderamente controvertidos. Finalmente, expondrá los fundamentos de derecho aplicables, conforme a los cuales basa su determinación.

**Al amparo de la Regla 35 (A) (1) del Reglamento del Tribunal de Apelaciones,[2] el TPI puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por el envío de nuestro mandato**.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] 4 LPRA Ap. XXII-B, R. 35 (A) (1).